# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00686-CR

**Alexander Pina, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY, NO. C-1-CR-07-214559
HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

A jury found Alexander Pina guilty of driving while intoxicated and assessed punishment at one year in jail and a $4,000 fine, both probated while he serves a two-year term of community supervision. On appeal, Pina contends that the evidence is legally insufficient to support the verdict. We will affirm the judgment.

When an appellant challenges the sufficiency of the evidence to sustain a criminal conviction, we must decide whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We review all the evidence in the light most favorable to the verdict and must assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 235 S.W.3d at 778.

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012). "Intoxicated" means: "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body." *Id.* § 49.01(2)(A) (West 2011). Pina's argument on appeal focuses on whether there was sufficient evidence that he lacked the normal use of his mental or physical faculties.

The chief evidence at trial was the arresting officer's testimony and the videotape taken by the camera mounted in the officer's patrol car as he followed the vehicle Pina was driving across downtown Austin and then questioned Pina in a parking lot. The officer testified that, while on patrol after 2 a.m. on July 21, 2007, he noticed a vehicle traveling northbound in the middle lane of Lavaca Street quickly change to the right lane, run the red light to turn right onto West 4th Street, and cut off pedestrians in the crosswalk. Shortly thereafter, the officer turned on his videotape and followed Pina east along 4th Street, down Red River Street, and eventually to the intersection of Cesar Chavez Street and I-35. The officer testified and the video shows that, along the way, Pina stopped at intersections well past the stop line and blocked the crosswalk several times. Where the street narrowed after an intersection due to the introduction of angled parking spots, he corrected fairly abruptly to the left as he neared the first parked car. He made a wide right turn onto Red River Street, traveling for a portion of the block in the wrong lane while there was no oncoming traffic. He did use turn indicators properly and avoided hitting pedestrians who were in the street.

The officer testified that at the stop Pina had bloodshot and glassy eyes and a strong odor of alcohol from his breath, although his speech was not impaired. Pina denied drinking alcohol

2

and declined to explain the smell on his breath. He also refused to perform any field sobriety tests. The officer detected no balance problems, but testified that Pina was swaying and appeared to almost fall asleep. Pina handed over an identification card rather than his driver's license, which the officer testified was plainly visible. Pina mistakenly answered that the time was 1:30 rather than the actual 2:30.

Pina argues that the evidence does not support the jury's verdict. He minimizes the errors he made while driving. For instance, he describes his maneuver to avoid the parked car as a "glide" to the left. He also characterizes his repeated "minor" traffic infractions as due to sloppy driving habits rather than impairment. He argues that there are many causes for bloodshot eyes and alcohol-smelling breath, including consumption of alcohol that did not cause intoxication. He contends that the officer demonstrated a tendency to construe events as prompted by alcohol consumption. He contends that, even if some of the evidence could be construed as consistent with intoxication, it was insufficient to prove intoxication beyond a reasonable doubt.

We disagree. The jury heard testimony from the police officer, saw the videotape that showed what the officer saw, and concluded that Pina was intoxicated. We may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally. *Id.* Viewing the evidence in the light most favorable to the verdict as we are required to do, we conclude that the record contains sufficient evidence from which rational jurors could conclude beyond a reasonable doubt that Pina drove a vehicle in a public place while intoxicated.

3

Affirmed.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 23, 2012

Do Not Publish